IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LILI ROSE SMITH                                                     PLAINTIFF

vs.                                Civil No. 6:10-cv-06090

MICHAEL J. ASTRUE                                        DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Lili Rose Smith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability applications on February 12, 2008. (Tr. 11, 137-144). In her applications, Plaintiff alleged she was disabled due to rectal bleeding, a neurological condition, and epilepsy. (Tr. 153).  She claimed the following regarding her limitations: "I have seizures, rectal bleeding with no diagnosis, dizzy spells, headaches, nervousness, panic attacks, memory problems,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

left side pain, face pain and swelling." *Id.* Plaintiff alleged an onset date of November 1, 2006. *Id.* These applications were denied initially and again on reconsideration. (Tr. 94-97).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 113-134). An administrative hearing was held on November 17, 2009 in Hot Springs, Arkansas. (Tr. 34-93). At the administrative hearing, Plaintiff was present and was represented by counsel, Terry Diggs. *Id.* Plaintiff, Vocational Expert ("VE") Dale Thomas, and Plaintiff's mother testified at this hearing. *Id.* On the date of the hearing, Plaintiff was fifty-one (51) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), and had obtained a high school diploma and received her LPN license. (Tr. 45).

On March 10, 2010, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's applications. (Tr. 11-29). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2008. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 1, 2006, her alleged onset date. (Tr. 13). The ALJ determined Plaintiff had the following severe impairments: epilepsy, irritable bowel syndrome, headaches, depression with anxiety, and substance abuse. (Tr. 14, Finding 2; Tr. 24, Finding 9). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-16, Finding 3; Tr. 24-26, Finding 10).

The ALJ then evaluated Plaintiff's impairments both with her substance abuse and without her substance abuse. (Tr. 16-29). First, the ALJ made several determinations while considering the fact she had a substance abuse problem. (Tr. 16-24). The ALJ found Plaintiff retained the RFC to perform the following with her substance abuse problem:

> After careful consideration of the entire record, the undersigned finds that, based on all of the impairments, <u>including the substance use disorders</u>, Ms. Smith has the residual functional capacity to perform less than a full range of sedentary work due to her exertional and non-exertional limitations. Currently, the claimant has significant cognitive limitations and memory problems to the degree that she cannot understand, remember, and carry out even simple instructions, exercise judgment in even simple work related situations and would require constant supervision. She is unable to deal with the general public, and cannot deal with changes in a routine work setting, tolerate criticism or handle normal work production stress. She is unable to complete a normal work-day and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. The claimant also needs to observe routine dizziness precautions, which are avoiding unprotected heights, open and dangerous machinery, the operation of automotive equipment or carrying firearms, which still further erodes her occupational base.

(Tr. 16-23, Finding 4). Based upon this RFC, the ALJ determined Plaintiff was unable to perform her PRW. (Tr. 23). The ALJ also determined considering her age, education, work experience, and RFC, there were no other jobs existing in significant numbers in the national economy that Plaintiff could perform if she continued to have a substance abuse problem. (Tr. 24, Finding 8).

Second, the ALJ made several determinations assuming Plaintiff stopped her substance abuse. (Tr. 24-29). The ALJ determined Plaintiff would have the following RFC if she stopped her substance abuse:

> <u>If Ms. Smith stopped the substance abuse</u>, she would have the residual functional capacity to perform a less than full range of light work as defined in 20 CFR 404.1567(b) and 461.967(b). She can lift up to 10 pounds frequently and 20 pounds occasionally. She can stand/walk with normal breaks 6 hours out of an 8-hour day and sit with normal breaks 6 hours out of an 8-hour day. She has an unlimited ability to use hand and foot controls, push and pull, and has no postural, manipulative, or visual limitations. Due to seizures, she should avoid concentrated exposure to hazards such as heights, use of firearms, and dangerous machinery. Mentally, the claimant is limited to unskilled work. This is work where interpersonal contact is routine but superficial, the complexity of tasks is learned by rote with few variables and little judgment would be required; any required supervision would need to be simple, direct, and concrete.

(Tr. 26, Finding 11). The ALJ determined if Plaintiff stopped her substance abuse, she would continue to be unable to perform her PRW. (Tr. 28, Finding 12).

The ALJ then evaluated whether Plaintiff could perform other work assuming she stopped her substance abuse. The ALJ determined if Plaintiff stopped her substance abuse, considering her age, education, work experience, and RFC, there would be a significant number of jobs in the national economy she could perform. (Tr. 28, Finding 14). The VE testified at the administrative hearing regarding this issue. (Tr. 28). Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative light, unskilled occupations such as a production and electronics worker with 6,300 such jobs in Arkansas and over 300,000 such jobs nationwide. (Tr. 28). The ALJ then determined Plaintiff would not be disabled if she stopped her substance abuse. *Id.* Further, because Plaintiff would not be disabled if she stopped her substance abuse, the ALJ found her substance abuse was a contributing factor material to the determination of disability, and Plaintiff had not been disabled within the meaning of the Act at any time from her alleged onset date through the date of his decision. (Tr. 28-29, Finding 15).

On May 10, 2010, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. On October 29, 2010, the Appeals Council declined to review this disability determination. (Tr. 1-3). On November 30, 2010, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 9-10. This case is now ready for decision.

2.      **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged

in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff raises the following three arguments for reversal: (A) the ALJ erred in ruling that her substance abuse was a "contributing factor material to the determination of disability"; (B) the ALJ erred by ruling her continued seizure activity represented a failure to take anti-seizure medications; and (C) the ALJ erred by failing to consider the combined effect of her impairments. ECF No. 9 at 13-20. In response, Defendant argues that substantial evidence supports the ALJ's finding of substance abuse, the ALJ properly considered Plaintiff's RFC, and the ALJ properly considered the combined impact of Plaintiff's impairments. ECF No. 10 at 5-19. This Court will consider all of Plaintiff's arguments for reversal.

    A. **Substance Abuse**

The SSA's regulations require additional findings regarding a claimant's substance abuse when the record evidence indicates the presence of alcoholism or drug addiction. *See* 20 C.F.R. §§

404.1535, 416.935. Specifically, the ALJ is required to determine whether a claimant's alcohol or drug abuse is a "contributing factor material" to disability. *Id.* The key factor an ALJ examines when determining whether drug addiction or alcoholism is a "contributing factor material" to the determination of disability is whether a claimant is still disabled absent the use of drugs or alcohol. *Id.* The regulations require the ALJ to evaluate which physical or mental limitations would remain if the claimant discontinued his or her substance abuse and determine whether those limitations would still be disabling. *Id.* If the claimant's remaining limitations are not disabling, drug and alcohol abuse is deemed a contributing factor material to the disability determination and the claimant cannot receive benefits. *Id.* Further, it is the claimant's burden to show that he or she would still be disabled even without the use of alcohol or drugs. *See Brueggemann v. Barnhart,* 348 F.3d 689, 693 (8th Cir. 2003).

In this case, the record provides evidence of Plaintiff's prescription and non-prescription drug abuse. Plaintiff alleged an onset date of November 1, 2006. (Tr. 11). Prior to that date, Plaintiff's treating physician Dr. R. Paul Tucker, M.D. indicated Plaintiff may have been abusing prescription drugs. (Tr. 219, 228). Thereafter, on June 20, 2008, Dr. Tucker again indicated Plaintiff was potentially abusing prescription drugs. (Tr. 298). Notably, he stated Plaintiff was denied a prescription allegedly because she was trying to have it refilled twice. *Id.*

On January 21, 2009, Dr. Lowell V. Ozment, M.D. noted Plaintiff "seems to be a drug seeker to some extent." (Tr. 397). On September 2, 2009, Plaintiff presented the emergency room at St. Joseph's complaining of seizures and abdominal pain. (Tr. 361). Due to Plaintiff's altered level of consciousness, doctors obtained a drug screen that was positive for barbiturates, benzodiazepines, opiates, and Darvocet. (Tr. 362). Doctors at St. Joseph's noted that Plaintiff had a chronic drug abuse

7

problem and stated that she had been misusing and abusing her prescription drugs at that time. (Tr. 374). In addition, Plaintiff's mother testified Plaintiff had a tendency of taking too much of her prescribed medication. (Tr. 71-72). Plaintiff's mother also testified Plaintiff did drugs at least one time in the past two years. (Tr. 75). Plaintiff's mother stated, "She had went off and she did do drugs but she just done two or three hits, as they call them, and that was it." *Id.*

The record also supports the ALJ's finding that if Plaintiff stopped her substance abuse, she would not be disabled. One significant piece of evidence on this issue was Plaintiff's six-day hospital admission at St. Vincent's from October to November of 2009. (Tr. 402). During that admission, Plaintiff's doctors eliminated narcotic medications and placed her on the proper medications for her depression and anxiety. *Id.* Doctors discharged her with a GAF score of 50 after treatment while her GAF score on admission was 16. *Id.* Such evidence indicates that when Plaintiff is not abusing drugs, her impairments can be controlled with medication.

Further, the ALJ's finding is supported by the testimony from Plaintiff's mother. (Tr. 23, 64, 71). She testified that after this hospitalization, she controlled Plaintiff's medications. *Id.* After controlling those medications, it appears Plaintiff improved considerably. *Id.* Indeed, by the time of the November of 2009 hearing, Plaintiff answered all of her questions in a logical manner, testified that she took care of her personal needs without help, made her bed, and helped around the house. *Id.*

Plaintiff disputes the ALJ's finding regarding her substance abuse. ECF No. 9 at 13-15. She raises four specific claims regarding the ALJ's finding on this issue. First, Plaintiff claims the ALJ's finding that Plaintiff takes "hits" of "stuff" or drugs from her father's next-door neighbor is not supported by the record. *Id.* Plaintiff's mother, however, testified to this:

>   Q:   Where does her father live?
>
>   A:   He lives here in Hot Springs.
>
>   Q:   And she kind of goes and stays with him as I understand it?
>
>   A:   She'll go up and stay with him a few days. And this is the problem that she has going up there is next door it's a person that if she wants to get a hit or something like that, she could.

(Tr. 75-76). Thus, the ALJ's finding on this issue is supported by the record.

Second, Plaintiff disputes the ALJ's finding that Plaintiff "does not exhibit good judgment when abusing drugs, and has had suicidal ideation and suicide attempts in the past due to the effect of her prescription drug abuse as well as the history of occasional cocaine abuse." (Tr. 15). Plaintiff argues "there is no evidence of such abuse in this case." ECF No. 9 at 13. Plaintiff's mother, however, testified regarding Plaintiff's attempt to commit suicide in late October of 2009. (Tr. 71-72). A urine drug screen from that admission was positive for the benzodiazepines and the pain reliever propoxyphene. (Tr. 401). This test was positive even though Plaintiff reported she was "currently on no medications." *Id.*

Third, Plaintiff argues there was only evidence of a "single time when Ms. Smith [she] used cocaine, and this was during a period when she was under stress while going through a divorce, and it was, in any case, prior to April 2004." ECF No. 9 at 13-14. Plaintiff's mother testified, however, testified Plaintiff did drugs at least one time in the past two years. (Tr. 75). Based upon the timing of the hearing, two years before would have been in 2007. Thus, Plaintiff's argument on this issue is also meritless.

Fourth and finally, Plaintiff argues at length that the ALJ in the present action was biased against her. ECF No. 9 at 14-15. Plaintiff argues, "One impressive fact about this case is that it is

obvious that the Judge walked into the hearing room with the very firm preconception that Ms. Smith was a chronic drug user, and this impression never left him." *Id.* Despite Plaintiff's bare claim on this issue, an ALJ is presumed to be unbiased. *See Perkins v. Astrue,* 648 F.3d 892, 902 (8th Cir. 2011). Plaintiff bears the burden of rebutting this presumption. *Id.* In the present action, Plaintiff has not produced sufficient evidence to rebut this presumption. Thus, this Court finds Plaintiff's final claim on this issue is also without merit.

### B. Use of Seizure Medication

Plaintiff claims the ALJ improperly considered her seizure impairment. ECF No. 9 at 15-17. Plaintiff claims her seizures are not controlled by her medication, and she properly takes her seizure medication as prescribed. *Id.* The ALJ found the following regarding Plaintiff's medical compliance: "The claimant obviously has not been medically compliant with her seizure medications, and has apparently experienced an increase in seizures as a result." (Tr. 18-19).

Despite finding Plaintiff was not compliant with her seizure medication, however, the ALJ still found Plaintiff had restrictions due to her seizures: "Due to seizures, she should avoid concentrated exposure to hazards such as heights, use of firearms, and dangerous machinery." (Tr. 26). Thus, Plaintiff is incorrect in her claim that the ALJ did not consider her seizure impairment in formulating her RFC.

Further, Plaintiff's claim that her seizures cause her to be disabled is not supported by the record. First, Plaintiff has a long history of seizures which she alleges began twenty years ago. (Tr. 18, 242). Despite her claim they began twenty years ago, she did not allege a disability due to seizures and other impairments until 2006. (Tr. 153). The fact Plaintiff was able to work for over twenty years despite her seizures certainly detracts from her credibility.

Second, Plaintiff's medical records do support the ALJ's finding that she did not take her prescription medication . As far back as 2003, her physician found she "sometimes forgets a dose." (Tr. 242). Other medical records also indicate her dosage was very low considering her prescription. (Tr. 306, 309-310, 313). Her physician indicated on December 14, 2007 that due to such a low dosage indicates "a question of compliance." (Tr. 304). Because these records indicate she was not compliant with her prescribed course of treatment, the ALJ finding that Plaintiff should not be considered disabled due to her seizures is supported by substantial evidence in the record. *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007) (holding that if an impairment can be controlled by treatment or medication, it cannot be considered disabling).

### C. Combination of Plaintiff's Impairments

Plaintiff claims the ALJ erred by failing to consider the combined impact of her impairments. ECF No. 9 at 17-19. She argues that she "clearly suffers from severe impairments in both exertional and non-exertional areas" which cause her to be disabled. *Id.* Plaintiff references her alleged epilepsy, irritable bowel syndrome, headaches, depression with anxiety, and substance abuse as well as her low blood pressure, shortness of breath, cardiac arrhythmia, renal disease, and arthritis in support of her claim that she is disabled. *Id.*

Under the facts in the present case, this Court finds that the ALJ properly considered Plaintiff's impairments in combination. The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2010). In the present action, in reviewing these claimed impairments, the ALJ stated that Plaintiff's "impairment or *combination* of impairments" do not meet the requirements of the Listings. (Tr. 24-26, Finding 10) (emphasis added). Further, the ALJ discussed in detail each of Plaintiff's alleged impairments

and formulated her RFC based upon those specific impairments. (Tr. 16-23). These statements are sufficient in the Eighth Circuit to establish that the ALJ properly considered the combined effect of a plaintiff's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered the Plaintiff's impairments in combination. Plaintiff has alleged that she suffers from a number of impairments. ECF No. 9 at 17-19. However, this Court is not required to find a claimant is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates that the ALJ properly considered the combined effects of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of the Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and **AFFIRMS** the decision of the SSA. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 21st day of December, 2011.**

> /s/   Barry A. Bryant
> HON. BARRY A. BRYANT
> U.S. MAGISTRATE JUDGE